UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCORDIA LIFE AND ANNUITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA WHITE, et al.,<br><br>Defendants. | Case No. 18-cv-00020-EMC<br><br>**ORDER RE PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS**<br><br>Docket No. 46 |

Plaintiff Accordia Life and Annuity Company ("Accordia") initiated this interpleader action to resolve competing claims over the proceeds from Benilda Fabian's life insurance policy between Defendants Christina White, Renato Pineda, and Rennel Pineda. Renato Pineda and Rennel Pineda, residents of the Philippines, relinquished their claim on the policy proceeds in March 2018. *See* Docket No. 12. Christina White, the designated beneficiary of the policy, filed a motion for summary judgment on May 25, 2018. Docket No. 15. On July 25, 2018, Accordia filed proofs of personal service of the filings in this case on the Pineda Defendants in accordance with Federal Rules of Civil Procedure 4(f)(2)(C)(i) and 4(l)(2)(B). Docket Nos. 42, 43. Accordingly, the Court granted Ms. White's motion for summary judgment. Docket No. 44.

The Court also ordered Accordia and Ms. White to confer regarding the amount of attorneys' fees and costs to be awarded to Accordia and deducted from the life insurance proceeds. *See id.* The parties have been unable to reach an agreement as to fees and costs and have filed a joint letter setting forth their respective positions. Docket No. 46 ("Ltr"). Accordia requests $15,322.05 in attorneys' fees billed by its counsel and $1726.47 in costs, for a total award of $17,048.52. *See id.* at 1–2. Ms. White, who is pro se, does not dispute Accordia's claim for costs but asks the Court to award no more than $2,000 in attorneys' fees. *See id.* at 3–4. She argues

that the fees sought by Accordia are "unconscionable" because they amount to roughly one-third of the total insurance proceeds of $50,000, and are attributable to the "frivolous claim" of the Pineda Defendants. *Id.* at 3.

For the reasons below, the Court awards Accordia $8,300 in attorneys' fees and $1,466.59 in costs for a total award of $9,766.59.

## I. DISCUSSION

### A. Legal Standard

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). "The rationale for permitting the recovery of fees is that it would be inequitable to make the disinterested stakeholder bear the expense of guarding against vexatious and multiple litigation and the interpleader action benefits the claimants by facilitating an early determination regarding ownership of the claimed funds." *Allianz Life Ins. v. Agorio*, 852 F. Supp. 2d 1163, 1168 (N.D. Cal. 2012) (citing *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 190 (9th Cir. 1962)). On the other hand, "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Tise*, 234 F.3d at 427. Recoverable fees are thus appropriately limited to such actions as "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Id.* at 426–27.

The lodestar method is the starting point for determining whether an award of attorneys' fees is reasonable. *See Allianz Life*, 852 F. Supp. 2d at 1168.

### B. Hourly Rate

The fee applicant has the burden of producing satisfactory evidence that its requested rates are in line with those prevailing in the community for similar services of attorneys of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Affidavits of the attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the requesting attorney, are satisfactory evidence of

the prevailing market rate. Here, Accordia has submitted billing records showing that its attorneys billed at rates ranging from $300 to $490 per hour; based on the total of $15,322.05 in fees sought and total of 46.1 in hours worked, the average hourly rate was approximately $332. *See* Docket No. 46-1; Ltr at 3. Courts in this District have deemed rates in this range reasonable in similar cases. *See Allianz Life*, 852 F. Supp. 2d at 1169 (where the court "dr[ew] on the precedent from other courts, its knowledge of the prevailing community rates, and its evaluation of the quality of the work performed by Plaintiff's counsel to assign a rate of $350 per hour"). Accordingly, the Court finds that the hourly rates sought by Accordia are reasonable.

C. Hours Expended

A fee applicant must also show that she exercised billing judgment in the preparation of the attorney's fee application and that the requested hours were reasonably expended (*i.e.*, not duplicative, unproductive, excessive or otherwise unnecessary). *Allianz Life*, 852 F. Supp. 2d at 1169 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Here, the billing records submitted by Accordia's attorneys indicate that they spent a total of 46.1 hours on this case. *See* Docket No. 46-1. Accordia "recognizes these . . . fees are significant," but asserts that they "represent the necessary research and drafting required to handle this complicated matter," and in particular "properly serv[ing] and invol[ing] foreign defendants." Ltr at 1. Certainly, service on the foreign Defendants in this case has raised complications, especially since the Philippines is not a member of the Hague Convention on the Service of Documents Abroad. *See* Ltr at 1. However, this case has not otherwise necessitated the resolution of complicated issues, and the Pineda Defendants quickly relinquished their claim, leaving Ms. White as the only claimant.

Moreover, some of the hours reported on certain tasks appear excessive. For example:

- Attorney Tomsich billed close to 7 hours in June 2018 for "[r]evising" and "[f]iling" Accordia's motion to deposit and response to motion for summary judgment. *See* Docket No. 46-1. But those motions were fairly straightforward and totaled approximately 5 pages. *See* Docket No. 24 (motion to deposit); Docket No. 25 (response to motion for summary judgment).

3

- Attorney Tomsich reported 2.1 hours in March 2018 for drafting and filing a two-page stipulation to extend time. *See* Docket No. 46-1.
- Attorney Linebaugh reported 1.1 hours in March 2018 for "[c]ommunicat[ing] with opposing party and client and review[ing] status in order to prepare for next steps." Docket No. 46-1.
- The attorneys collectively billed a total of at least 11.4 hours for reviewing the case docket and status, writing emails to each other, and "[c]oordinating" with each other regarding various tasks. *See* Docket No. 46-1; *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-CV-01958-LJO, 2012 WL 2839704, at *10 (E.D. Cal. July 10, 2012), *report and recommendation adopted,* No. 1:11-CV-01958-LJO, 2012 WL 3236578 (E.D. Cal. Aug. 6, 2012) (determining that "charges for calendaring, reviewing and exchanging emails and other correspondence, and reviewing the Court's docket are not appropriate" in interpleader action based on *Tise*, 234 F.3d at 426–27).

Accordingly, the Court determines that it is appropriate to award Accordia fees for 25 hours of work, rather than 46.1. Based on an hourly rate of $332, this comes out to $8,300 in attorneys' fees, or approximately 17% of the life insurance fund. Such an award avoids imposing fees that are "excessive in light of the $[50,000] fund at stake." *Prudential Ins. Co. of Am. v. Balling*, No. SACV1100828CJCMLGX, 2012 WL 12878671, at *3 (C.D. Cal. Mar. 1, 2012) (reducing fees award in interpleader action in light of "the policy of guarding against the depletion of the fund, and the relatively low complexity of the case involved").

D. Costs

The Court has discretion in an interpleader action to award costs to the stakeholder. *Gelfgren v. Republic Nat. Life Ins. Co*., 680 F.2d 79, 81 (9th Cir. 1982). Accordia requests reimbursement for $1726.47 in costs. *See* Ltr at 1. However, Accordia's own table shows only total costs of $1,466.59, incurred in effectuating personal service on the Pineda Defendants in the Philippines and on pro se Defendant White, as well as paying court filing fees. *See* Ltr at 2; Docket No. 46-1. Accordia does not explain the discrepancy between the table and the $1726.47

figure it seeks. The costs of $1,466.59 are undisputed by Ms. White and reasonable, and the Court therefore awards this amount.

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court awards Accordia $8,300 in attorneys' fees and $1,466.59 in costs.

This order disposes of Docket No. 46.

**IT IS SO ORDERED**.

Dated: October 24, 2018

_____
EDWARD M. CHEN
United States District Judge